IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02623-RBJ-MJW

KAISER SILVERMAN GLOBAL, LLC, a Colorado limited liability company,

Plaintiff,

v.

WORD OF GOD FELLOWSHIP, INC. d/b/a Daystar Television Network, a Georgia nonprofit corporation,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION TO REMAND
(Docket No. 10)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 18) issued by Judge R. Brooke Jackson on November 13, 2012.

Now before the court is Plaintiff's Motion to Remand (Docket No. 10).  The court has carefully considered the subject motion (Docket No. 10), defendant's response (Docket No. 15), and plaintiff's reply (Docket No. 21)  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

This matter was commenced on September 7, 2012 when plaintiff filed its complaint in Boulder County District Court.  On October 2, 2012, defendant timely filed a notice of removal based on diversity of citizenship of the parties.  Plaintiff now seeks

to remand this matter to Boulder County District Court pursuant to 28 U.S.C. § 1447(c).

Plaintiff argues, pursuant to the terms of an agreement entered into between the

parties, that defendant waived its right to seek to remove this action.

The agreement in question, which was attached as Exhibit 1 to plaintiff's state

court complaint, is titled "Purchaser Representative, Policy Submission and Fee

Agreement" (hereinafter "Fee Agreement").  The Fee Agreement was entered into by

the parties in April 2011.  Paragraph 18 of the Fee Agreement provides that:

> Each of the parties hereto irrevocably and unconditionally submits to the
>
> exclusive jurisdiction of the courts of the State of Colorado for the
>
> purposes of enforcing this Agreement.  In any such action, suit or other
>
> proceeding, each of the parties hereto irrevocably and unconditionally
>
> waives and agrees not to assert by way of motion, as a defense or
>
> otherwise any claims that it is not subject to the jurisdiction of the above
>
> court, that such action or suit is brought in an inconvenient forum or that
>
> the venue of such action, suit or other proceeding is improper.

Defendant argues that the Fee Agreement does not govern the life insurance

policy which is at issue in this matter.  Rather, defendant argues there is no written

agreement, and thus no forum selection clause, which governs this matter.

In addition, beyond disagreeing on the applicability of the Fee Agreement, the

parties also disagree as to the proper scope of the court's review when considering a

motion to remand.  Defendant argues the court must only consider the four corners of

the complaint when making its determination.  Plaintiff argues the matter before the

court is one of contract interpretation, and as such, the court must consider the terms of

the Fee Agreement.

First, as to applicable scope of the court's review, the court finds that it is not limited to the four corners of the complaint as suggested by defendant.  The cases cited by defendant involve the question of original jurisdiction of the court; the cases do not involve forum selection clauses or contract interpretation.  Here, there is no dispute that this court has jurisdiction over the case, under 28 U.S.C. § 1332, based on diversity of the parties and the amount in controversy.  Rather, the parties disagree as to the applicability of a forum selection clause found in a contract entered into between the parties.  As such, the remand issue is one of contract interpretation, and necessarily the court must look beyond the complaint to make a determination.  See Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992) (examining a forum selection clause); Roche Constructors, Inc. v. One Beacon America Ins. Co., No. 11-cv-01903-PAB-CBS, 2012 WL 1060000, at *3 (D. Colo. Mar. 28, 2012); Cattleman's Choice Loomix, LLC v. Heim, No. 11-cv-00446-WYD-CBS, 2011 WL 1884720, at *2-4 (D. Colo. May 18, 2011).

Next, the court must determine if plaintiff's claims arise out of the Fee Agreement, and consequently if the forum selection clause therein governs this matter. Plaintiff's complaint includes fives causes of action: (1) breach of contract; (2) breach of implied duty of good faith and fair dealing; (3) tortious interference with prospective contractual relations; (4) civil conspiracy; and (5) quantum meruit.

The Fee Agreement includes a provision which states that plaintiff would be entitled to a fee if defendant purchases a policy located by plaintiff.  Further, it states that neither party "shall attempt to circumvent [the Fee Agreement] in an effort to obtain or avoid fees."  The Fee Agreement also includes a confidentiality provision.

4

Plaintiff's complaint alleges that defendant purchased a policy, pursuant to the Fee Agreement, in the Spring of 2011.  Plaintiff further alleges that it later located another policy (the "West Coast Policy") and submitted it to defendant.  On June 5, 2011, plaintiff alleges it provided defendant with a Confidential Executive Summary analyzing the West Coast Policy.  Eventually defendant purchased the West Coast Policy through another party for a price approximately $200,000 less than the price offered by plaintiff.  Plaintiff alleges it had other parties interested in the West Coast Policy, but did not pursue those opportunities based on defendant's assurances that it was considering the purchase.

All of plaintiff's claims arise directly, or indirectly, from the Fee Agreement.  The breach of contract claim alleges defendant breached the Fee Agreement by "the unauthorized use, and disclosure, of confidential information" concerning the West Coast Policy and by purchasing the West Coast Policy without paying a fee to plaintiff (thus circumventing the Fee Agreement).  The second claim alleges that defendant did not act in good faith in performing its obligations under the Fee Agreement.  The third claim alleges defendant induced plaintiff not to pursue other potential purchasers of the West Coast Policy.  The fourth claim alleges plaintiff conspired with the company it eventually purchased the West Cost Policy from to circumvent the Fee Agreement.  The fifth claim is an alternative claim for quantum meruit.

Defendant argues that the Fee Agreement is not related or applicable to the West Coast Policy.  Defendant calls the Fee Agreement a "prior unrelated agreement" and further states that the confidential materials provided to defendant concerning the West Coast policy were not provided pursuant to the Fee Agreement.  Defendant points

5

out that the Fee Agreement does not reference the West Coast Policy.

Defendant's argument plainly goes to the merits of plaintiff's claims.  The court is in no position to judge the merits of plaintiff's claims at this point in the proceedings; doing so would be wholly improper.  Although the Tenth Circuit has not specifically addressed the issue, it is obvious to the court that when considering a motion to remand in circumstances such as this, the court must accept the allegations in the complaint as true, much as it would if it were considering a motion to dismiss for improper venue.  Other courts have come to a similar conclusion.  See Pacheco v. St. Luke's Emergency Assocs., P.C. No. 12-10214-NMG, 2012 WL 3044245, at *1 (D. Mass. Jul. 20, 2012) (adopted report and recommendation); Gullion v. JLG Serviceplus, Inc., No. H-06-1015, 2007 WL 294174, at *5 (S.D. Tex. Jan. 29, 2007);

Accordingly, it is clear based on the allegations in plaintiff's complaint that its claims arise from the Fee Agreement.  The forum selection clause found therein is not unreasonable, and is applicable to this matter.  See Milk 'N' More, 963 F.2d at 1346 (stating that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances").  Based on the terms of the forum selection clause, the court finds that it is clear and unequivocal that defendant waived its right to remove this action from Boulder County District Court.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Docket No. 10) is **GRANTED**.  The

6

clerk is directed to transfer this matter back to Boulder County District Court.  It is further

**ORDERED** that each party shall pay their own attorney fees and costs

associated with the motion.


Date:  December 12, 2012                    s/ Michael J. Watanabe
        Denver, Colorado                     Michael J. Watanabe
                                             United States Magistrate Judge