IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02623-RBJ

KAISER SILVERMAN GLOBAL, LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

WORD OF GOD FELLOWSHIP, INC. d/b/a Daystar Television Network,
a Georgia Nonprofit Corporation,

    Defendant.

## ORDER

    Before the Court is a dispute about defendant Daystar's ability to argue illegality as a defense to KSG's claims of breach of contract and quantum meruit. ECF Nos. 98 and 103. Daystar argues that KSG is in the business of selling securities and operates without a license as required by Colorado law. In Daystar's estimation, KSG's behavior makes the underlying Purchaser Agreement—the subject matter of KSG's breach of contract claims—void for illegality. *Cf. Amedeus Corp. v. McAllister*, 232 P.3d 107, 108-09 (Colo. App. 2009) (upholding a district court dismissal of a plaintiff's breach of contract and equitable claims on illegality grounds where plaintiff was operating as an unlicensed real estate broker).

    Under Colorado law, a broker-dealer is "a person engaged in the business of effecting purchases or sales of securities for the accounts of others or in the business of purchasing and selling securities for the person's own account." Colo. Rev. Stat. § 11-51-201(2). The statute further defines a "security" to include any "viatical settlement investment." *Id.* § 11-51-201(17).

And "an 'investment contract' need not involve more than one investor nor be limited to those circumstances wherein there are multiple investors who are joint participants in the same enterprise." *Id.*

Daystar cites cases holding that life settlement contracts like those at issue in this case are viatical settlement investments and therefore are securities for purposes of the licensing statute. *See S.E.C. v. Mut. Benefits Corp.*, 408 F.3d 737, 742-45 (11th Cir. 2005) (holding that viatical settlements—i.e. a transaction in which a terminally ill insured sells benefits of his or her life insurance policy to a third party in return for a lump sum payment is a "security" for purposes of federal securities regulation); *Joseph v. Viatica Mgmt.*, LLC, 55 P.3d 264 (Colo. App. 2002) (same). Indeed, this conclusion seems more or less ordained by an interpretive order from the Colorado Securities Commissioner which states that

> viatical instruments (also commonly known as viatical, senior, or life settlement contracts), which are the contractual right to receive any portion of the death benefits or ownership of a life insurance policy or certificate or consideration that is less than the expected death benefit of such policy or certificate, have been deemed by the Securities Commissioner to be "securities" in Colorado in that they are "investment contracts" as defined under the Colorado Securities Act. . . .

*In the Matter of Viatical Inv. Registration and Licensing of Persons Offering and Selling Such Invs. in Colorado*, Order No. 03-IN-001 (Colo. Div. Sec., May 12, 2003).

Whether the contract is void for illegality and whether KSG should have been licensed as a securities broker are both questions of law for this Court to decide. *Amedeus Corp.*, 232 P.3d at 109 ("Where, as here, a party asserts that the entire contract is illegal, the court must determine this threshold issue."); *Joseph*, 55 P.3d at 266 ("Whether an interest or instrument is an investment contract is a question of law."). Daystar has not pointed to any genuine disputes of material fact and merely disputes the legal conclusion of whether KSG's undisputed actions constituted effecting the sale or purchase of securities for purposes of the act.

No one disputes that KSG is not licensed to sell securities by the State of Colorado. Rather KSG argues that it was never required to obtain a license in order to identify financially attractive life settlements for Daystar to purchase. In support of this argument, it offers two justifications. First, KSG contends that a viatical settlement is, by definition, a fractional interest in a life settlement, not an undivided interest in such a settlement. I find this argument unpersuasive. True, often times cases that categorize viatical settlements as securities deal with fractional interests in those settlements.[1] And true, Colorado law defines viatical settlements as a "contractual right to receive any portion of . . . the ownership of a life insurance policy . . . in exchange for consideration that is less than the expected death benefit." Colo. Rev. Stat. § 11-51-201(20). Nonetheless, the sale of an entire life insurance policy appears to fit within the plain meaning of the statute. Just because the statute says "portion" does not rule out the idea that "portion" could include the entire policy. KSG's argument that the Colorado Legislature could have been clearer cuts both ways. The Legislature could have explicitly stated that only fractionalized interests in these policies qualify as securities. It made no such statement, and I decline to read in such a specific qualification without some indication that the Legislature intended such a result. Assuming without deciding that non-fractionalized interests in life settlement policies qualify as securities, I move on to KSG's second argument.

Second, and more convincingly, KSG suggests that it is not a broker as defined by the statute. "KSG merely found policies, presented them to Daystar for consideration, and provided information about the policies. Any actual sale was consummated by a licensed provider." ECF No. 103 at 5 (citing Ex. 2, Scharfeld Dep., Trinity Financial Services, LLC, (February 4, 2014) at 35:2-9, 40:6-23, 113:17-114:22, 115:10-16. "'Merely bringing together the parties to

---

[1] The precise question of whether an undivided interest in a viatical settlement constitutes a security appears to be unaddressed by the Colorado courts.

transactions, even those involving the purchase and sale of securities, is not enough' to warrant broker registration." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1336 (M.D. Fla. 2011) (quoting *Apex Global Partners, Inc. v. Kaye/Bassman Int'l Corp.*, 3:09-CV-637-M, 2009 WL 2777869, *3 (N.D. Tex. Aug. 31, 2009). Therefore even assuming the whole policies in this case constituted securities, KSG did not act as a broker and did not need to be registered with the state. Arguably, KSG did more than merely bring together the parties to the transaction, and had Daystar raised this issue earlier I might view this as a closer issue.[2] However any minor uncertainty I might have about whether KSG was acting as a broker is minimized and marginalized by the equities in this case. Daystar was seemingly content to let KSG engage in what it now characterizes as the unauthorized brokering of viatical settlements when it stood to benefit from KSG's operations. Only now that it faces litigation has Daystar raised this issue. The equities do not tip in Daystar's favor here.

Assuming without deciding that whole life settlements—that is non-fractional interests in life settlements—are viatical settlements and thereby securities for purposes of Colorado law, the Court nonetheless finds that KSG was not a broker within the meaning of the statute. Therefore KSG need not have been licensed by the State of Colorado to perform the services it performed for Daystar, and the agency agreements between the parties are not void for illegality. The illegality defense is stricken from Daystar's Answer and no jury instruction on illegality will issue.

DATED this 16th day of July, 2014.

BY THE COURT:

---

[2] Daystar points to deposition testimony where people affiliated with KSG used the word "sell" in connection with KSG's handling of these policies. However, there is also plenty of testimony from those same individuals that KSG is an "aggregator" who "represents the buyer under certain criteria established by the buyer and selects specific policies." Wolfkiel Dep. 23:2-4.

5

_____

R. Brooke Jackson
United States District Judge